1  BENJAMIN B. WAGNER
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant U.S. Attorney
3  4401 Federal Building
   2500 Tulare Street
4  Fresno, CA 93721
   Telephone: (559)497-4000
5
6



FILED

MAY 1 6 2013

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO. 1:12-cr-00260 LJO |
|---|---|
| Plaintiff, | ) DEFERRED PROSECUTION AGREEMENT |
| v. | ) |
| RAMIN ODISHO, | ) |
| Defendant. | ) |

The United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Kimberly A. Sanchez; and defendant RAMIN ODISHO ("Odisho"), and his attorney, Charles Lee, hereby enter into this Deferred Prosecution Agreement ("Agreement"):

1. This document contains the complete Agreement between the United States Attorney's Office for the Eastern District of California ("United States") and defendant Odisho regarding this case. This Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

2. Defendant Odisho accepts and acknowledges responsibility for his conduct, as stated in the Factual Statement set forth at paragraph 11 of this Agreement, and also accepts the accuracy of that Factual Statement.

3. Defendant Odisho expressly agrees:

    (a) He will comply with all federal, state, and local laws. He shall immediately contact his Pretrial supervisor if arrested and/or questioned by any law enforcement officer;

    (b) He will reside at a residence approved by Pretrial Services and not move or absence himself from that residence for more than 24 hours without prior approval from Pretrial Services.

    (c) He shall report to his Pretrial Services Officer as directed and keep him/her informed of his whereabouts;

    (d) He shall follow the program and comply with the conditions set forth.

    (e) He shall seek and maintain employment and provide verification as directed by Pretrial Services and he shall provide a monthly job search list to Pretrial Services until employed, and/or maintain full-time student status, at the discretion of his Pretrial Services supervisor.

4. In consideration of defendant Odisho's background, his role in the instant offense, and his willingness to: (i) acknowledge responsibility for his conduct, as detailed in the Factual Statement, and (ii) demonstrate his future good conduct and full compliance with all federal, state, and local laws; the United States shall recommend to the Court, pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of

defendant Odisho on the Indictment be deferred for a period of no more than eighteen (18) months.[1] Defendant Odisho shall consent to a motion to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for (i) a continuance of all further criminal proceedings, including trial, for a period of not more than eighteen (18) months, (ii) speedy trial exclusion of all time covered by such a continuance, and (iii) approval by the Court of this deferred prosecution.

5.  Defendant Odisho further agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of California, for the period of time that this Agreement is in effect.

6.  Defendant Odisho hereby further expressly agrees that any applicable statutes of limitations are tolled, and shall not run, for the time period in which this Agreement is in effect. Defendant *"ODISHO" RO CL* agrees that, if the United States institutes charges following a breach of this Agreement, the time period in which this Agreement is in effect shall be excluded, and shall not count for purposes of determining the running of any applicable statute of

---

[1] The United States understands that Pretrial Services may recommend that early termination be considered and evaluated once Mr. Odisho has successfully completed 12 months of the diversion program described herein.

3

limitations.

7. Defendant Odisho also agrees that, in the event of a breach of this Agreement, the government will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding, any of the statements, information, and/or materials provided by defendant pursuant to this Agreement.

8. The United States agrees that, if defendant Odisho is in full compliance with all of his obligations under this Agreement, upon the expiration of the eighteen (18) month period set forth in paragraph 4 above, within thirty (30) days of the expiration of such time period the United States shall seek dismissal with prejudice, as to defendant Ramin Odisho, of the Indictment, Case Number 1:12-CR-00260 LJO-SKO.

9. Defendant Odisho understands that this Agreement to defer prosecution is subject to approval by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, the United States and defendant Odisho are released from any obligation imposed upon them by this Agreement.

10. Should the United States determine during the term of this Agreement that defendant Odisho has committed any crime commenced subsequent to the date of this Agreement, the defendant shall, in the sole discretion of the United States, thereafter be subject to prosecution for any federal crimes, as well as forfeiture of assets used in and/or divestiture of profits derived from defendant's criminal conduct.

11. Except in the event of a breach of this Agreement, the United States agrees that it will not bring any additional charges

4

1  against defendant Odisho arising from the facts contained in the
2  Factual Statement set forth in the following paragraph. Defendant
3  Odisho understands and acknowledges that this Agreement does not
4  relate to or cover any conduct by defendant Odisho other than the
5  conduct set forth in the Factual Statement.

6       12.  Defendant Odisho agrees that the following are the facts of
7  this case that, if proved by the government beyond a reasonable doubt
8  and believed by a jury, would be sufficient to constitute the crime
9  False Personation of an Officer or Employee of the United States,
10 although he acknowledges that, as to other facts, the parties may
11 disagree:

12       On April 13, 2012, the defendant purchased a high capacity
   magazine from Sierra Arms. Such magazines can only be sold to peace
13 officers under CA state law. The defendant presented an
   identification card indicating that he was a Lt. In the United States
14 Army assigned as a Group Supervisor in the Middle East in an
   Intelligence Unit of the Central Bureau of Intelligence in order to
15 obtain the magazine. The defendant also presented a "Central Bureau
   of Intelligence" badge. On May 9, 2012, the defendant attempted to
16 purchase an AR-15 from Sierra Arms. As a matter of store policy,
   Sierra Arms only sells the firearm to law enforcement officers. The
17 defendant presented the same ID and badge as he did on April 13. The
   owner of the store made a copy of the identification and contacted
18 ATF TFO Dave Hutchinson. TFO Hutchinson obtained a search warrant
   for the defendant, his car, and his residence. TFO Hutchinson spoke
19 with the defendant, who admitted to using fake credentials to obtain
   the high capacity magazine. Officers found fake credentials along
20 with fake badges and the computer that the defendant used to make the
   fake credentials at the defendant's home and in his car.
21

22       14.  This Agreement sets forth all the terms of the Deferred
23 Prosecution Agreement between the United States and defendant Ramin
24 Odisho. Other than this Agreement, no agreement, understanding,
25 promise, or condition exists between the United States and defendant
26 Odisho. Nor will any such agreement, understanding, promise, or
27 condition exist unless it is committed to writing and signed by the
28 defendant, counsel for said defendant, and counsel for the United

*[Handwritten margin annotations: "CL.", "& Ro", "FRANKLIN", "Brand", "PISTOL"]*

5

States. This Agreement supersedes any prior promises, agreements, or conditions between the United States and defendant Ramin Odisho.

15. This Agreement is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Agreement.

16. Defendant Odisho agrees that this Agreement, and an Order deferring prosecution, shall be publicly filed with the United States District Court for the Eastern District of California, and shall become a part of the record of the case.

## APPROVALS AND SIGNATURES

A. RAMIN ODISHO: I, Ramin Odisho, hereby expressly acknowledge the following: (1) I have read this entire Agreement; (2) I have had an opportunity to discuss this Agreement fully and freely with my attorney; (3) I fully and completely understand each and every one of its terms; (4) I am fully satisfied with the advice and representation provided to me by my attorney; and (5) I have signed this agreement voluntarily.

Dated: 4/15/2013

RAMIN ODISHO

///
///
///
///
///
///
///
///
///

B. Defense Counsel: The undersigned is counsel for RAMIN ODISHO. In connection with such representation, I acknowledge that: (1) I have discussed this Agreement with my client; (2) I have fully explained each one of the Agreement's terms to my client; (3) I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

Dated: 4/18/13

CHARLES LEE
Attorney for Ramin Odisho

C. Attorney for United States: I accept and agree to this Agreement on behalf of the government.

Dated: 4-24-13

BENJAMIN B. WAGNER
United States Attorney

By: KIMBERLY A. SANCHEZ
Assistant U.S. Attorney

D. Pretrial Services Officer: I accept and agree to this Agreement on behalf of the Pretrial Services Office.

Dated: 4-26-13

LYDIA SERRANO
Pretrial Services Officer

E. United States District Court: The Court approves of this agreement.

Dated: 5-16-13

LAWRENCE J. O'NEILL
U.S. District Court Judge